UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DAVID M. SWINTON, on behalf of himself and all others similarly situated, | * * * | Case No. 4:18-cv-00144 |
| Plaintiff, | * * | |
| v. | * * | **NOTICE OF REMOVAL** |
| SQUARETRADE, INC., | * * * | |
| Defendant. | * * | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441 and 1446, Defendant SquareTrade, Inc. ("SquareTrade") hereby gives notice that the civil action presently pending in the Iowa District Court for Polk County, captioned *David M. Swinton v. SquareTrade, Inc.*, Case No. LACL140964, is removed to the United States District Court for the Southern District of Iowa, Central Division. In support of this Notice of Removal, SquareTrade states as follows:

**THE STATE COURT ACTION**

1.      On April 20, 2018, plaintiff David M. Swinton, on behalf of himself and others allegedly similarly situated, filed a putative class action Petition at Law and Jury Demand ("Petition") against SquareTrade in the District Court for Polk County, Iowa, styled *David M. Swinton v. SquareTrade, Inc.*, Case No. LACL140964 (the "State Court Action"). The State Court Action is now pending. A true and correct copy of the Petition is attached hereto as **Exhibit A**.

2. In the Petition, Plaintiff alleges that SquareTrade engaged in unfair, deceptive, and unlawful business practices regarding the advertising, marketing, and sales of Protection Plans through Amazon.com for consumer electronics and costing between $1.00 and $6,000. Pet. ¶ 1. Plaintiff asserts violations of Iowa Code 714H, violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and unjust enrichment. Pet. ¶¶ 71-94.

3. Plaintiff has brought this putative class action pursuant to Rule 1.261 of the Iowa Rules of Civil Procedure. Pet. ¶ 64. He seeks to represent three classes, including "[a]ll Iowa residents" and "[a]ll residents of the United States" who purchased a SquareTrade Protection Plan on Amazon.com for a product not purchased on Amazon.com within the applicable statute of limitations. *Id.*

4. Plaintiff seeks actual damages, treble damages, statutory damages, punitive damages, equitable and declaratory relief, pre-judgment and post-judgment interest, costs, and attorneys' fees. *See* Pet. ¶¶ 83, 91, 94.

5. As demonstrated below, there are two independent bases for removal of this action. First, the entire action is removable pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Second, removal is proper pursuant to 28 U.S.C. § 1331 because Plaintiff has pled a federal claim, and because the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

**REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

6. The United States District Court for the Southern District of Iowa has original jurisdiction to hear this case pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA").

7. CAFA provides that district courts have original jurisdiction of any class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A). A "class action," in turn, is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). There must be at least 100 members in all proposed classes in the aggregate. 28 U.S.C. § 1332(d)(5)(B).

8. While SquareTrade disputes the validity of Plaintiff's claims and denies that this case is appropriate for class treatment (or that class treatment is even permitted here), for purposes of determining whether federal jurisdiction exists, it is clear that Plaintiff's allegations fall within the scope of CAFA.

**Plaintiff Has Alleged A Putative Class Action Of At Least 100 Class Members.**

9. Plaintiff brings this putative class action pursuant to Rule 1.261 *et seq.* of the Iowa rules of Civil Procedure. Pet. ¶ 64.

10. The Petition seeks certification of an Iowa-only class and two nationwide classes. Pet. ¶ 64. Specifically, Plaintiff purports to bring this action individually and as representative of putative classes defined as:

> Iowa Non-Amazon Product Purchaser (Class I): All Iowa residents who purchased a SquareTrade Protection Plan on Amazon.com within two years of the commencement this action for a product not purchased on Amazon.com.
>
> National Magnuson-Moss Warranty Class (Class II): All residents of the United States who purchased a SquareTrade on Amazon.com within four years of the commencement this action for a product not purchased on Amazon.com.
>
> National Unjust Enrichment Class (Class III): All residents of the United States who purchased a SquareTrade Protection Plan on Amazon.com within the period of

limitations provided in their respective states for claims of unjust enrichment for a product not purchased on Amazon.com.

Pet. ¶ 64.

11.     The Petition alleges that Plaintiff believes the putative class consists of "at least hundreds of thousands of putative class members." Pet. ¶ 66. Accordingly, the putative class consists of more than 100 members. 28 U.S.C. § 1332(d)(5)(B).

**Minimal Diversity Exists Between The Parties.**

12.     The parties in this case satisfy the requirement of minimal diversity. Plaintiff is a citizen and resident of Iowa. Pet. ¶ 12. SquareTrade is a Delaware corporation with a principal place of business in San Francisco, California. Pet. ¶ 14. SquareTrade is therefore a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1).

13.     Because at least one member of the putative class is a citizen of a state different than at least one defendant, diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(d)(2)(A).

**The Aggregate Amount In Controversy Exceeds $5,000,000.**

14.     Plaintiff seeks actual damages, treble damages, statutory damages, punitive damages, equitable and declaratory relief, pre-judgment and post-judgment interest, costs, and attorneys' fees. *See* Pet. ¶¶ 83, 91, 94. Plaintiff seeks, among other relief, actual damages including "the purchase of Protection Plans that were void and ineffective from their inception and product repair or replacement costs that were expected to be covered by Defendant's ineffective Protection Plans." Pet. ¶ 82. Plaintiff also seeks treble damages under Iowa Code § 714H.5(4) for SquareTrade's alleged "willful disregard for the rights of Plaintiff and the putative class." Pet. ¶ 83.

15. Compensatory damages, injunctive relief, statutory penalties, and attorneys' fees are aggregated to meet the jurisdictional threshold under CAFA. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 765-767 (8th Cir. 2001). CAFA's legislative history shows that its "provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." *Adams v. Am. Family Mut. Ins. Co.*, 981 F. Supp. 2d 837, 842–43 (S.D. Iowa 2013) (quoting S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S.Rep. No. 109–14, at 41 (Feb. 28, 2005)). For this reason, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." *Id.*

16. To demonstrate the requisite amount in controversy for federal jurisdiction under CAFA, a removing party need not show "whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally concluded that they are." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

17. Here, the Petition alleges that there are at least "hundreds of thousands" of putative class members and that their actual damages include the purchase price of the Protection Plans and the product repair or replacement costs purportedly covered by SquareTrade's Protection Plans. Pet. ¶¶ 65, 82. Assuming *arguendo* the class has at least 200,000 members (as alleged by Plaintiff), the amount in controversy would be satisfied if each Class Member received just $25.00 in reimbursement for the Plans themselves and repair and replacement costs for the underlying product for which the Class Members purchased the Plan. As alleged in the Petition, the consumer electronics covered by the Protection Plans (and for which class members would seek replacement costs as damages) cost between $1.00 and $6,000. Pet. ¶ 1. Further,

Plaintiff seeks treble damages under Iowa Code 714H.5(4), which would entitle class members to up to three times the amount of actual damages awarded. Pet. ¶ 83. Considering that Plaintiff has alleged that some of the "hundreds of thousands" of class members have actual damages in amounts up to $6,000, the alleged compensatory damages easily and far exceed $5,000,000.

18. The amount in controversy is also satisfied because Plaintiff seeks attorneys' fees and punitive damages. Pet. ¶¶ 83, 91. SquareTrade disputes Plaintiff's entitlement to attorneys' fees and punitive damages, but an alleged entitlement to attorneys' fees and punitive damages is properly included in measuring the amount in controversy. *See Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009) (holding that statutory attorneys' fees should be included in the amount in controversy when jurisdiction is based on CAFA); *Feller v, Hartford Life and Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) ("[I]t is rational to include the future legal expenses in calculating the amount in controversy."). *See also Larsen v. Pioneer Hi-Bred Int'l, Inc.*, No. 4:06-CV-0077-JAJ, 2007 WL 3341698, at *5 (S.D. Iowa Nov. 9, 2007) (considering actual and compensatory damages, exemplary damages, and attorneys' fees in finding that the case satisfied CAFA's aggregate amount-in-controversy requirement); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (considering punitive damages in addition to actual damages in finding that the amount in controversy exceeded $5 million).

19. Notably, a complaint in another pending consumer class action against SquareTrade alleging nearly identical facts has asserted that the alleged damages for nearly identical claims exceeds $5,000,000. A true and correct copy of this complaint is attached hereto as **Exhibit D**. In that case, the plaintiff has alleged three nearly identical claims under New York's consumer protection statute, the Magnuson-Moss Warranty Act, and unjust enrichment. The plaintiff seeks to certify two nationwide classes consisting of all residents of the United

States who purchased a SquareTrade Protection Plan on Amazon.com within the applicable limitations period, which by definition would include Plaintiff. Ex. D ¶ 85. Based on nearly identical allegations, the plaintiff alleges that "the aggregate amount in controversy exceeds $5,000,000" and that the "aggregate damages sustained by the Classes are likely in the millions of dollars." *Id.* ¶¶ 13, 91. This complaint supports a finding that the amount in controversy here exceeds the jurisdictional amount under CAFA. *See Sutter v. Aventis CropScience USA Holding, Inc.*, 145 F. Supp. 2d 1050, 1053 (S.D. Iowa 2001) (noting for purposes of amount in controversy analysis "that complaints in three other putative class action lawsuits concerning nearly identical allegations against Aventis all allege damages in excess of [the jurisdictional minimum].").

20. Based on the above analysis, it is more than likely that "a fact finder *might* legally conclude" that the aggregate amount in controversy in this putative class action exceeds $5,000,000, exclusive of interests and costs. *Bell*, 557 F.3d at 959. Moreover, Plaintiff cannot "establish that it is *legally impossible* to recover in excess of the jurisdictional minimum." *Id.* (emphasis added) (internal quotations omitted). The amount placed in controversy by the Petition thus exceeds the jurisdictional minimum of $5 million. *See* 28 U.S.C. § 1332(d)(6).

21. Because this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d), this case may be removed to this Court under 28 U.S.C. §§ 1446 and 1453.

**REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION**

22. Pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

23. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

24. The Petition filed in the State Court Action asserts a claim for relief based upon allegations that SquareTrade violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. *See* Pet. ¶¶ 83-91. This claim arises under the laws of the United States. *See* 28 U.S.C. § 1331.

25. Federal courts have original jurisdiction over claims brought under the Magnuson-Moss Warranty Act when the following requirements are met: (1) the amount in controversy of any individual claim exceeds the sum or value of $25; (2) the amount in controversy exceeds the sum or value of $50,000 (exclusive of interests and costs), "computed on the basis of all claims to be determined in the suit;" and (3) if brought as a class action, the number of class members is at least one hundred. 15 U.S.C. § 2310(d)(1)(B). As described above, Plaintiff has satisfied these three requirements. Specifically, Plaintiff's individual claim exceeds $25, the amount in controversy for "all claims to be determined in the suit" far exceeds $50,000, and the number of class members exceeds 100. Accordingly, this Court has original jurisdiction over Plaintiff's claim under the Magnuson-Moss Warranty Act.

26. If a district court has original jurisdiction over a claim, it also has supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In addition to the federal claim under the Magnuson-Moss Warranty Act, Plaintiff alleges claims for violations of Iowa Code 714H and unjust enrichment. Pet. ¶¶ 71-94. These claims all arise out of the same set of facts and form part of the same case or controversy. Accordingly, removal

of Plaintiff's claims for violations of Iowa Code 714H and unjust enrichment is also appropriate under 28 U.S.C. § 1367(a).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

27. <u>Removal to Proper Court</u>.  Venue in this Court is proper under 28 U.S.C. § 1446(a) because the District Court for Polk County, Iowa is within the United States District Court for the Southern District of Iowa, Central Division.

28. <u>Removal Is Timely</u>.  Plaintiff served the Petition on SquareTrade on April 23, 2018.  In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of SquareTrade's receipt of the Petition.

29. <u>Consent Is Not Required</u>.  Consent to removal is not required under CAFA pursuant to 28 U.S.C. § 1453(b).  In any event, SquareTrade, the removing defendant, is the only defendant named in the State Court Action.

30. <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(a)(1), copies of "all process, pleadings, and orders served upon" SquareTrade in the State Court Action are attached hereto as **Exhibit A**.  Pursuant to Local Rule 81(a)(1), the undersigned states that as of the date of filing this Notice of Removal, no other documents other than the original notice, Petition at Law and the Jury Demand attached in **Exhibit A** have been filed in the State Court Action.  Pursuant to Local Rule 81(a)(2), the only matters that are pending in the Polk County Circuit Court that require resolution are the issues raised in Plaintiff's Petition at Law and Jury Demand, which as of the time of filing this Notice of Removal had not yet been answered.

31. <u>Notice</u>.  Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Iowa District Court for Polk County.  A true and

correct copy of this Notice is attached hereto as **Exhibit B**. Pursuant to Local Rule 81(a)(3), the names and contact information for Plaintiff's counsel are as follows:

| | |
|---|---|
| Harley C. Erbe, AT002430 | Steven P. Wandro, AT0008177 |
| ERBE LAW FIRM | WANDRO & ASSOCIATES |
| 2501 Grand Avenue | 2501 Grand Avenue |
| Des Moines, Iowa 50312 | Des Moines, Iowa 50312 |
| Telephone:  (515) 281-1460 | Telephone:  (515) 281-1475 |
| Facsimile:  (515) 281-1474 | Facsimile:  (515) 281-1474 |
| Email:  erbelawfirm@aol.com | Email:  swandro@2501grand.com |

32. <u>Signature</u>.  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. See 28 U.S.C. § 1446(a).

33. <u>Certificate of Compliance</u>.  A Certificate of Compliance with Local Rule 81 is attached hereto as **Exhibit C**.

34. By filing of this Notice of Removal, SquareTrade does not waive any defenses that may be available, including but not limited to defenses related to class certification and personal jurisdiction.

35. If any question arises as to the propriety of the removal of this action, SquareTrade requests the opportunity to brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

WHEREFORE, SquareTrade respectfully requests that the above-captioned action be removed from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

-11-

Dated:  May 14, 2018    Respectfully submitted,

By: */s/ John F. Lorentzen*
John F. Lorentzen (AT0004867)
jfl@nyemaster.com
NYEMASTER GOODE, P.C.
700 Walnut, Suite 1600
Des Moines, IA 50309-3899
Telephone:  515.283.3100
Facsimile:   515.283.3108

Douglas A. Winthrop*
Douglas.Winthrop@arnoldporter.com
Michael A. Berta*
Michael.Berta@arnoldporter.com
Katelyn Rey*
Katelyn.Rey@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center 10th Floor
San Francisco, CA 94111-4024
Telephone:  415.471.3100
Facsimile:   415.471.3400
*Pro hac vice* application forthcoming

Attorneys for Defendant
SQUARETRADE, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 14, 2018, I caused a copy of the foregoing **Notice of Removal** to be served upon each of the attorneys of record for all parties to the above-captioned case via United States mail, first-class, postage prepaid, at the following addresses:

| | |
|---|---|
| Harley C. Erbe, AT002430 | Steven P. Wandro, AT0008177 |
| ERBE LAW FIRM | WANDRO & ASSOCIATES |
| 2501 Grand Avenue | 2501 Grand Avenue |
| Des Moines, Iowa 50312 | Des Moines, Iowa 50312 |
| Telephone: (515) 281-1460 | Telephone: (515) 281-1475 |
| Facsimile: (515) 281-1474 | Facsimile: (515) 281-1474 |
| Email: erbelawfirm@aol.com | Email: swandro@2501grand.com |

ATTORNEYS FOR PLAINTIFF

*/s/ John F. Lorentzen*
John F. Lorentzen (AT0004867)