# EXHIBIT A

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

DAVID M. SWINTON, on behalf of
himself and all others similarly situated,

        Plaintiff,

v.

SQUARETRADE, INC.,

        Defendant.

NO. _____

ORIGINAL NOTICE

TO THE ABOVE-NAMED DEFENDANT:

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the plaintiff is Harley C. Erbe, whose address is 2501 Grand Avenue, Des Moines, Iowa. That attorney's telephone number is (515) 281-1460; facsimile number (515) 281-1474. Another attorney for the plaintiff is Steven P. Wandro, whose address is 2501 Grand Avenue, Des Moines, Iowa. That attorney's telephone number is (515) 281-1475; facsimile number (515) 281-1474.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

# STATE OF IOWA JUDICIARY

*Case No.* LACL140964

*County* Polk

*Case Title* DAVID M SWINTON VS SQUARETRADE INC

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 04/20/2018 11:03:20 AM



*District Clerk of* Polk        *County*
/s/ Yoshimi Tamura

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| DAVID M. SWINTON, on behalf of himself and all others similarly situated, | * * * | NO. _____ |
| Plaintiff, | * * | |
| v. | * * | PETITION AT LAW AND |
| SQUARETRADE, INC., | * * | JURY DEMAND |
| Defendant. | * * | |

COMES NOW the plaintiff, on behalf of himself and all others similarly situated, and sets forth his claims for relief and states:

## INTRODUCTION

1.      This is a class action proceeding brought pursuant to Rule 1.261 *et seq*. of the Iowa Rules of Civil Procedure and Iowa Code § 714H.7. Plaintiff brings this case for himself and on behalf of others similarly situated. This action seeks to remedy the unfair, deceptive, and unlawful business practices of defendant SquareTrade, Inc. regarding the advertising, marketing, and sales of Protection Plans through Amazon.com for consumer electronics and appliances costing between $1.00 and $6,000. The Iowa Attorney General has approved Count I of this class action as required by Iowa Code § 714H.7 per the attached letter.

2.      Defendant fraudulently and deceptively markets, sells, and distributes its Protection Plans through Amazon.com using three distinct fraudulent and deceptive practices. To the extent that Defendant has changed any of its practices relative to the products it sells on Amazon.com since the events described in this petition, Plaintiff's petition refers to the time period up to the last point at which a certain practice violated any applicable laws, as discussed

1

below.

3.     First, when selling its Protection Plans, Defendant does not provide the legally-required pre-sale access to the Terms and Conditions of the respective Protection Plans. These Terms and Conditions severely restrict and contradict the seemingly broad coverage presented in Defendant's product pages on Amazon.com.

4.     For the vast majority of Protections Plans, a link to the pre-sale copy of the Terms and Conditions is buried in a nondescript section titled "Technical Specification," several screens below the purchase section of the product page and below advertisements for unrelated products and all manner of non-essential information.

5.     Second, the pre-sale copy of the Terms and Conditions that Defendant provides to the consumer is a false contract – *i.e.,* a Terms and Conditions document that is drastically different and more generous to buyers than the post-sale Terms and Conditions that Defendant enforces against customers after they purchase a Protection Plan. As soon the Protection Plan is purchased, the customer is provided a link to a different set of Terms and Conditions.

6.     Third, for years Defendant has been knowingly selling fake Protection Plans to Amazon.com customers. Defendant routinely sells Protection Plans that cover products that are not eligible for coverage because the underlying product was not bought at Amazon.com. Defendant does not properly inform visitors to its Amazon.com storefront that Protection Plans do not cover consumer products that were not purchased on Amazon.com.

7.     Defendant has continued to sell these fake Protection Plans despite years of consumer complaints.

8.     Defendant enriches itself by selling such Protection Plans using a simple and fraudulent scheme: If a customer files a claim for such coverage, Defendant informs the

2

customer that the Protection Plan is void and cancels the policy. If a customer does not make a claim, Defendant keeps the premium and does not inform the consumer that the policy was void and ineffective from the beginning because it only covers products purchased through Amazon.com

9.    This action seeks to remedy Defendant's deceptive and fraudulent practices.

10.    All of Defendant's actions described in this Complaint are part of, and in furtherance of, the unlawful conduct alleged herein, and were authorized and/or done by Defendant's various officers, agents, employees, or other representatives while actively engaged in the management of Defendant's affairs within the course and scope of their duties and employment, and/or with the actual, apparent, and/or ostensible authority of the Defendant.

11.    Through this action, Plaintiff seeks actual damages, restitution and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the Class as a result of Defendant's unlawful conduct.

## PARTIES AND JURISDICTION

12.    Plaintiff is a resident of Johnston, Polk County, Iowa.

13.    Plaintiff is a consumer.

14.    Defendant is a corporation existing under the laws of the state of Delaware with its principal place of business in San Francisco, California.

15.    Defendant is a merchant in the business of marketing, selling and administering extended warranties, service contracts and accident protection plans for a broad range of consumer products, including household and electronic devices. Defendant claims to have sold some 25 million such contracts, marketed as "Protection Plans."

3

16.     The incidents that form the basis for this action occurred in Polk County, Iowa.

17.     The amount in controversy in this cause of action exceeds the minimum jurisdictional amount for this court.

## FACTUAL ALLEGATIONS

### A.     Defendant's General Business Practices.

18.     Defendant markets, sells, and administers extended warranties, accident protection, and service plans for consumer products. Defendant represents its Protection Plans as protection of "mobile devices, laptops and tablets, and other consumer electronics and appliances from malfunctions, accidental damage and life's frequent mishaps."

19.     Defendant sells its Protection Plans through Amazon.com.

20.     Upon information and belief, Defendant's largest online partner is Amazon.com, where it has sold hundreds of thousands and, perhaps, millions of Protection Plans for merchandise bought at Amazon.com and other retailers. Defendant sells its products on Amazon.com through "storefronts" listing hundreds of Protection Plans, categorized by type and cost of covered product.

21.     Defendant sells its Protection Plans through Amazon.com as either a stand- alone item or as an add-on to an existing purchase.

22.     For example, when an Amazon.com customer purchases a kitchen appliance, the customer might receive a pop-up screen offering a Protection Plan for that item, from where the consumer can access Defendant's storefront on Amazon.com.

23.     For customers who purchased that same kitchen appliance from a source other than Amazon.com, the same Protection Plans are offered to consumers by Defendant through the

4

same Amazon.com storefront.

24.     Once a consumer purchases a Protection Plan on Amazon.com, the consumer receives a confirmation email from Amazon.com, followed by a confirmation email from Defendant.

25.     Defendant's email follows the provision to it by Amazon.com of the customer's transactional details, including the identity of the underlying product covered by the Protection Plan.

26.     The confirmation email from Defendant sets out the general contract terms, and provides a link or other access to the Terms and Conditions of the Protection Plan.

27.     The consumer is also instructed by the email from Defendant to log in or create an account on Defendant's website, where a link to the Terms and Conditions of the Protection Plans is again provided as to the respective Protection Plan. The consumer is also immediately asked to upload a copy of the receipt for the product being covered, and told that uploading that receipt is a necessary condition to submitting a claim under the Protection Plan.

28.     The description of the Protection Plans on Amazon.com contains general statements about the coverage and the purported benefits of Defendant's coverage, but makes it nearly impossible to discover the severe coverage limitations that apply to these plans. In fact, the webpage is structured such that the customer concludes her purchase of the Protection Plan before any but the remotest possibility of discovering that highly-limiting terms and conditions exist. None of those limitations are listed in the product pages, but are only available in the formal "terms and conditions" of the Protection Plans (the "Terms and Conditions").

29.     As an example, although Defendant claims on its Amazon.com product page that "[y]our plan begins on the date you purchased your item," Defendant typically does not provide

5

any protection for up to 30 days after the purchase of the Protection Plan unless the coverage was bought simultaneously with the product. Defendant takes the position that any coverage event that occurs in the first 30 days is considered a pre-existing defect not covered by the Protection Plan. Such information is available only in the Terms and Conditions.

30.    Additionally, the Terms and Conditions provide (a) that a third-party company (depending on the geography of the customer) is responsible for the coverage under the Protection Plan; (b) the involvement of an insurer to whom a consumer can appeal from a Defendant claim denial; and (c) a long list of exclusions and restrictions to coverage not disclosed prior to purchasing the Protection Plan, e.g., "claims made under any improperly or incorrectly purchased Protection Plan."

31.    Despite the numerous restrictions in the Terms and Conditions, Defendant fails to provide clear and conspicuous disclosure of the Terms and Conditions before the sale as required by law. The customer has to buy the Protection Plan to obtain reasonable access to the coverage restrictions in the Terms and Conditions. Defendant designed its sales materials to make it difficult to impossible for the consumer to access Terms and Conditions.

32.    Generally, there are no instructions on how to receive a pre-sale copy of the Terms and Conditions. The advertised plan description leads consumers to believe that they will receive the Terms and Conditions only after they purchase the plan and that a pre-sale copy is not readily available. Defendant typically informs the consumer that "Your Service Contract will be delivered via email and not mailed to you. It will come from SquareTrade Warranty Services (warrantysupport@squaretrade.com) within 24 hours of purchase."

33.    The Amazon.com product page for Defendant's Protection Plans, on which consumers execute their transactions, does not reference, link to, or otherwise create awareness of the Terms and Conditions of the Protection Plan. Instead, when a customer has a claim and it

6

is "too late," the claim is often denied based on Terms and Conditions to which the customer did not assent prior to purchasing her Protection Plan.

34.     A pre-sale link to Terms and Conditions is buried in a nondescript section titled "Technical Specification," several screens below the purchase section of the product page and below advertisements for unrelated products and all manner of non-essential information. This disclosure consists of a hyperlink with the words "Warranty [pdf ]" that is a link to https://images-na.ssl-images-amazon.com/images/I/51Y1uUTi6rL.pdf (the "Pre-Sale Terms and Conditions). As discussed below, this link with the purported Terms and Conditions, inconspicuously disclosed at best, is fraudulent, and different, more restrictive Terms and Conditions are provided to the customer by Defendant after the customer has concluded the purchase of the Protection Plan.

35.     For Protection Plans for Amazon-manufactured devices such as the Amazon Kindle or Amazon Echo, Defendant provides some instructions and a link to access a pre-sale copy of the Terms and Conditions, but only if the customer will scroll down (below advertisements for unrelated products) and fails to do so in a clear and conspicuous manner as required by law. As discussed below, this link with the purported Terms and Conditions, inconspicuously disclosed at best, is fraudulent, and different, more restrictive Terms and Conditions are provided to the customer by Defendant after the customer has concluded the purchase of the Protection Plan.

36.     If a customer attempts to access a pre-sale copy of the Terms and Conditions, Defendant provides the consumer with a false contract – *i.e.,* a Terms and Conditions document that is different and less restrictive than the Terms and Conditions that Defendant enforces after the customer purchases a Protection Plan.

37.    The Pre-Sale Terms and Conditions differs from the Post-Sale Terms and Conditions in that the Post-Sale Terms and Conditions add several restrictions to the scope of the coverage, including, but not limited to, (a) expanding the "no-lemon" exclusion policy; (b) increasing the number of defective pixels required for a cell phone or tablet screen to be considered defective; (c) adding limitations such that certain defects are only covered to the extent covered by manufacturer's warranty; (d) adding an exclusion for products that were fraudulently described even where the misrepresentation was not by the customer; (e) exclusion of any claim that is covered by a manufacturer's warranty but denied by the manufacturer – even if the claim was otherwise eligible under the Protection Plan, and (f) adding a California choice of law requirement.

38.    The Post-Sale Terms and Conditions purport to include a waiver and forfeiture of individual/class remedies and access to the courts that is not included in the Pre-Sale Terms and Conditions accessible through the inconspicuous "Warranty" link described above.

39.    In the fraudulent Post-Sale Terms and Conditions, Defendant created an arbitration scheme that effectively removes any ability to obtain a remedy for most disputes. Although absent from any pre-sale documentation, the Post-Sale Terms and Conditions requires the consumer to proceed in arbitration, while requiring the consumer to pay arbitration costs even if the consumer wins, unless the consumer recovers more than $500.

40.    In other words, no reasonable consumer would pursue a claim unless the claim is certain to win more than $500, because the customer would suffer a net loss even if the claim is successful.

41.     Given that the value of a repair or even the total value of the covered product is routinely less than $500, the fraudulent Post-Sale Terms and Conditions effectively removes any ability by consumers to obtain relief against Defendant. At the same time, the Post-Sale Terms and Conditions purports to have obtained a waiver by the consumer to pursue the matter in courts where consumers have statutory and common law rights to recover costs. But no such waiver existed in any pre-sale document or disclosure, rendering impossible such assent to this waiver and forfeiture.

42.     Unknown to consumers who purchase Protection Plans on Amazon.com, such Protection Plans are effective only if the underlying product was purchased on Amazon.com. An inconspicuous disclosure of this critical eligibility requirement is made approximately six pages down on Defendant's Amazon storefront, below unrelated items and advertisements.

43.     Defendant knowingly and deceptively sells Protection Plans for items not purchased on Amazon.com and therefore, not eligible for coverage, despite knowing that the product is not eligible for coverage.

44.     In Defendant's first email to a consumer who purchased a product from a source other than Amazon.com, Defendant tells the consumer to upload a copy of the sales receipt. If the consumer never makes a claim under the Protection Plan, Defendant keeps the premiums and retains the policy in effect. If the consumer makes a claim that requires Defendant to honor the policy, Defendant informs the customer that Protection Plan is void because the underlying product was not purchased through Amazon.com.

45.     Defendant purports to offer, without qualifications, "[c]overage for product breakdowns and malfunctions" for its line of Protection Plans. The customer is led to believe that any one of thousands of electronic products within the defined product price range is eligible

9

for a Protection Plan.

46.     The Amazon.com product page for Defendant's Protection Plans, on which the consumer executes the transaction, does not reference, link to, or otherwise create awareness of the requirement that the subject plans are only effective for products purchased on Amazon.com.

47.     A disclosure that the subject protection plans are effective only for products purchased on Amazon.com appears several pages down on the digital advertisement and after unrelated advertisements.

48.     When a customer purchases a Protection Plan for a non-Amazon.com product, Defendant sets up the policy and keeps the premium. Only after a consumer makes a claim does Defendant inform the consumer that the Protection Plan is void, leaving the consumer without coverage, and unable to obtain other coverage for the product. Defendant retains the premiums from consumers who do not make claims and who are unaware that their Protection Plan is void.

49.     Defendant's conduct is deceptive at two levels: First, Defendant deceptively sells Protection Plans by not adequately informing consumers that coverage for products not purchased on Amazon.com is not available. Second, Defendant sells these Protection Plans despite contemporaneous awareness that the Protection Plans are void.

50.     Defendant can easily and immediately identify when it sold a fake policy because it usually receives information about the covered Amazon.com product, but does not receive such information when it sells a fake policy. In the case of a Protection Plan that is purchased simultaneously with a covered product through Amazon.com, Defendant immediately receives information from Amazon.com about the details of the transaction, including the purchaser's name, email address, and transactional details such as the identity of the covered product.

51.     When a consumer purchases a Protection Plan on a stand-alone basis for a product not purchased on Amazon.com, Defendant would not receive information from Amazon.com for the underlying transaction. Consequently, Defendant typically knows whether a new Protection Plan is likely intended to cover an Amazon.com-purchased product or, conversely, a non-Amazon purchased covered product before its first contact with the Protection Plan purchaser.

52.     Defendant requests that all Protection Plan purchasers immediately upload a copy of the product sales receipt, containing the name of the covered product seller, *e.g.,* Target, Amazon.com, *etc.* Consequently, Defendant is at all relevant times aware of its Amazon customers' eligibility or ineligibility for Protection Plan coverage. But even if a customer is ineligible for Protection Plan coverage, Defendant accepts the premium, misleads the consumer into believing that coverage exists, attempts to resolve customer claims through manufacturer warranties or otherwise at no cost to Defendant, and voids the Protection Plan only if it is called upon to honor its warranty commitment.

### B.     Plaintiff's Experience With Defendant.

53.     Plaintiff has purchased several Protection Plans issued by Defendant.

54.     Most of Plaintiff's Protection Plans with Defendant are for products that were not purchased on Amazon.com.

55.     For example, in 2016 Plaintiff purchased a Protection Plan from Defendant through Amazon.com to cover a Vizio television purchased at Target.

56.     On March 3, 2018, Plaintiff attempted to make a warranty claim on the Vizio television through his Protection Plan with Defendant.

57. Defendant denied Plaintiff's March 3, 2018 claim because the Vizio television was not purchased through Amazon.com.

58. Plaintiff's other Protection Plans for products not purchased through Amazon.com are: plan number 037623280229 (January 27, 2017); plan number 040488380225 (January 27, 2017); plan number 092584140227 (December 3, 2016); plan number 083763459223 (August 9, 2016); plan number 048655517122 (November 16, 2015); plan number 025967087123 (September 21, 2015); plan number 050321004126 (April 28, 2014); plan number 032843904122 (April 18, 2014); plan number 038498394127 (April 9, 2014); plan number 082245793121 (February 12, 2014).

59. Before the sale of any of the aforesaid Protection Plans, Defendant did not make the Terms and Conditions (or the fact they existed) available to Plaintiff in a clear and conspicuous manner.

60. Upon information and belief, the Pre-Sale Terms and Conditions were at most buried in a nondescript section titled "Technical Specification," several screens below the purchase section of the page and below advertisements for unrelated products such that Plaintiff never read the Technical Specification.

61. Plaintiff was not made aware and did not know that none of the aforesaid Protection Plans covered items that were not purchased through Amazon.com.

62. The Post-Sale Terms and Conditions that Defendant issued to Plaintiff after he purchased each of the aforesaid protection plans were different and more restrictive than the Pre-Sale Terms and Conditions.

63. As directed by Defendant, Plaintiff immediately sent a copy of his receipt for each of the products subject to the aforesaid Protection Plans demonstrating that none of the products

were purchased through Amazon.com.

## CLASS ALLEGATIONS

64.     Plaintiff brings this putative class action pursuant to Rule 1.261 *et seq.* of the

Iowa Rules of Civil Procedure on his behalf and on behalf of the following classes:

Iowa Non-Amazon Product Purchaser Class (Class I):

All Iowa residents who purchased a SquareTrade Protection Plan on Amazon.com within two years of the commencement this action for a product not purchased on Amazon.com.

National Magnuson-Moss Warranty Class (Class II)

All residents of the United States who purchased a SquareTrade Protection Plan on Amazon.com within four years of the commencement this action for a product not purchased on Amazon.com.

National Unjust Enrichment Class (Class III):

All residents of the United States who purchased a Square Trade Protection Plan on Amazon.com within the period of limitations provided in their respective states for claims of unjust enrichment for a product not purchased on Amazon.com.

65.     The proposed class is so numerous that joinder of all members is impracticable

and would involve many plaintiffs. While the exact number of putative class members is

presently unknown to Plaintiff and can only be ascertained through appropriate discovery,

Plaintiff believes that there are at least hundreds of thousands of putative class members.

66.     There are questions of law and/or fact common to the class that relate to and

affect the rights of each member of the class. The relief sought is common to the entire class.

The common questions of law and/or fact predominate over questions, if any, that may affect

only individual members of the putative class. Common questions include, but are not limited

to:

    a.    Whether Defendant engaged in a pattern of fraudulent, deceptive, and misleading conduct targeting the public through the marketing, advertising, promotion, and/or sale of Protection Plans.

    b.    Whether Defendant's acts and omissions violated Iowa Code Chapter 714H.

    c.    Whether Defendant made material misrepresentations of fact or omitted material facts to Plaintiff and the Classes regarding the marketing, promotion, advertising, and sale of the Protection Plans, which material misrepresentations or omissions operated as fraud and deceit upon Plaintiff and the Classes.

    d.    Whether Defendant's false and misleading statements of fact and concealment of material facts regarding the Protection Plans were intended to deceive the public.

    e.    Whether Defendant's acts and omissions deceived Plaintiff and the Classes.

    f.    Whether, as a result of Defendant's misconduct, Plaintiff and the Classes are entitled to equitable relief and other relief and, if so, the nature of such relief.

    g.    Whether Defendant deceives consumers by not clearly and conspicuously disclosing that the subject Protection Plans do not cover products not purchased on Amazon.com.

    h.    Whether Plaintiff and the members of the Classes have sustained ascertainable loss and damages as a result of Defendant's acts and omissions, and the proper measure thereof.

    i.    Whether, as a result of Defendant's misconduct, Plaintiff and the Classes are entitled to statutory damages.

67.    Class action treatment is the superior, if not the only, method for the fair and efficient adjudication of this controversy because, among other reasons, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender.

68.     Plaintiff asserts claims that are similar to and typical of the putative class in that he purchased Defendant's Protection Plans for products not purchased on Amazon.com, thus rendering those Protection Plans void and ineffective from their inception. The claims of Plaintiff and the putative class depend on a showing of common conduct by Defendants and arise from the same operative facts. Thus, a joint and common interest exists among Plaintiff and the putative class.

69.     Plaintiff will fairly and adequately protect and represent the interests of the class members. Plaintiff's interests are coincident with, and not antagonistic to, those of the putative class. Plaintiff is committed to being a class representative and understands the attendant responsibilities.

70.     Plaintiffs' counsel are competent and have experience in contract cases, consumer fraud cases, and class actions, including class actions brought under Iowa Code Chapter 714H. The undersigned firms will serve as designated counsel for Plaintiff and the putative class and will actively conduct and be responsible for the prosecution of this action. The undersigned counsel has or can acquire the financial resources to assure that the putative collective or class will be adequately represented.

## CLAIMS FOR CLASS RELIEF

### Count One
### (Violation Of Iowa Code 714H – Class I)

71.     Plaintiff realleges and incorporates by reference paragraphs 1-70 of this Petition as if fully set forth herein.

72.     This count is brought against Defendant pursuant to the provisions of Iowa's private consumer frauds act, Iowa Code Chapter 714H, including, without limitation, Iowa Code

§ 714H.5.

73.     Defendant has violated Iowa Code 714H in one or more of the following particulars:

> a.    Defendant engaged in deceptive, unfair, and unconscionable commercial practices in failing to reveal material facts and information about the Protection Plans, which did, or tended to, mislead Plaintiff and the Classes about facts that could not reasonably be known by them.
>
> b.    Defendant failed to reveal facts that were material to the transactions in light of representations of fact made in a positive manner.
>
> c.    Defendant caused Plaintiff and the Classes to suffer a probability of confusion and a misunderstanding of legal rights, obligations, and/or remedies by and through its conduct.
>
> d.    Defendant failed to reveal material facts to Plaintiff and Classes with the intent that Plaintiff and the Class members rely upon the omission.
>
> e.    Defendant made material representations and statements of fact to Plaintiff and the Classes that resulted in Plaintiff and the Class members reasonably believing the represented or suggested state of affairs to be other than what they actually were.

74.     Defendant intended that Plaintiff and the other members of the Classes rely on its misrepresentations and omissions, so that Plaintiff and other Class members would purchase the Protection Plans.

75.     Defendant knew about the above-mentioned issues with its Protection Plans and that misrepresentations regarding those material facts or failure to disclose those material facts to Plaintiff and the putative class would create a false, misleading, and/or inaccurate set of material facts about the subject Protection Plans.

76.     Defendant misrepresented, concealed, or failed to disclose its knowledge concerning the above-mentioned issues with its Protection Plans.

77.     The misrepresented or undisclosed information was or is material.

78. Defendant knowingly failed to disclose its knowledge concerning the above-mentioned Protection Plans.

79. Defendant intended to deceive Plaintiff and the putative class by misrepresenting or withholding this information and misleading Plaintiff and the Classes into purchasing the Protection Plans, in part or in whole, due to an erroneous belief that the Protection Plans had few restrictions and limitations, and were available for products purchased elsewhere from Amazon.com.

80. Plaintiff and the putative class acted in justifiable reliance on the set of material facts created by Defendant's aforesaid misrepresentations or failure to disclose. Had Plaintiff and other members of the Classes known of the true facts about the Protection Plans, they would not have purchased the Protection Plans.

81. Defendant's aforesaid conduct violated Iowa Code § 714H.3.

82. Plaintiff and the putative class have suffered actual damages within the meaning of Iowa Code § 714H.2(1), including, but not limited to, the purchase of Protection Plans that were void and ineffective from their inception and product repair or replacement costs that were expected to be covered Defendant's ineffective Protection Plans, as a proximate result of Defendant's conduct.

83. Defendant's conduct constituted a willful disregard for the rights of Plaintiff and the putative class.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount sufficient to fully and fairly compensate him and the putative class for their injuries, together with treble damages, interest thereon as provided by law, the costs of this action, attorney fees, and all other relief available under Iowa Code Chapter 714H.

17

**Count II**
**(Violation Of The Magnusson-Moss Warranty Act – Class II)**

83.    Plaintiff realleges and incorporates by reference paragraphs 1-70 of this Petition as if fully set forth herein.

84.    The Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, ("MMWA") creates a cause of action for consumers damaged by "the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d).

85.    The MMWA required clear and conspicuous disclosures of the Terms and Conditions of the Protections Plans prior to the purchase of the Protection Plans.

86.    Defendant failed to comply with the requirements of the MMWA by failing to clearly and conspicuously disclose the Terms and Conditions of the Protection Plans, and by changing the Terms and Conditions of the Protection Plans.

87.    Specifically, Defendant violated the "full, clear and conspicuous disclosure of terms and conditions" standard applicable to the Protection Plans.

88.    All class members were injured by reason of Defendant's subject disclosure violations, in that their Protection Plans were worth ascertainably less as enforced than as disclosed before and at the time of sale.

89.    Plaintiff and other members of the Class were damaged by Defendant's violations of its obligations under the MMWA.

90.    As a direct and proximate cause of Defendant's violations of its obligations under the MMWA, Plaintiff and other Class members have suffered actual economic damages and are threatened with irreparable harm.

91.     Class members are entitled to recover such damages, together with equitable and declaratory relief, and other appropriate damages, including statutory and punitive damages, attorneys' fees, and the costs of this action.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant in an amount sufficient to fully and fairly compensate them for their injuries, together with interest thereon as provided by law and the costs of this action.

### Count III
### (Unjust Enrichment – Class III)

92.     Plaintiff realleges and incorporates by reference paragraphs 1-70 of this Petition as if fully set forth herein.

93.     It would be inequitable for Defendant to be allowed to retain the benefits conferred on it by Plaintiff and Class members, traceable to its misrepresentations and false advertising.

94.     Plaintiff and members of the Class are entitled to the establishment of a constructive trust upon the benefits to Defendant from the aforesaid unjust enrichment and inequitable conduct.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant in an amount sufficient to fully and fairly compensate them for their injuries, together with interest thereon as provided by law and the costs of this action.

## JURY DEMAND

COMES NOW the plaintiff and demands a trial by jury on all of the issues triable to a jury in the above cause of action.

/s/ *Harley C. Erbe*

Harley C. Erbe, AT002430
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
E-Mail: erbelawfirm@aol.com

Steven P. Wandro, AT0008177
WANDRO & ASSOCIATES
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1475
Facsimile: (515) 281-1474
E-Mail: swandro@2501grand.com

ATTORNEYS FOR PLAINTIFF



THOMAS J. MILLER
ATTORNEY GENERAL

JESSICA WHITNEY
DIRECTOR

1305 E. WALNUT ST.
DES MOINES, IA 50319
Main: 515-281-5926 • Direct: 515-281-8772
jessica.whitney@iowa.gov
www.iowaattorneygeneral.gov

**IOWA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**
**CONSUMER PROTECTION DIVISION**

April 18, 2018

***VIA EMAIL, ONLY***
Harley Erbe – erbelawfirm@aol.com
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, Iowa 50312

RE:     *Class Action Petition:*
        *David M. Swinton v. SquareTrade, Inc.*

I am writing in response to your email of April 18, 2018, to which you attached a class action Petition filed in the above matter alleging, in part, violations of Iowa Code chapter 714H, the *Private Right of Action, for Consumer Frauds Act.* Pursuant to chapter 714H, you requested the approval of this office prior to filing a class action complaint.

Please be advised that the Attorney General hereby approves the filing of the Petition. In addition, please be aware of the requirement to file a copy of the Petition with this office by registered mail once it has been filed in court, pursuant to Iowa Code section 714H.6.

Regards,

Jessica Whitney
Special Assistant Attorney General
Director, Consumer Protection Division
Deputy Administrator of the
Iowa Consumer Credit Code