UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DAVID M. SWINTON, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SQUARETRADE, INC.,<br><br>Defendant. | NO. 4:18-cv-00144<br><br><br><br>DECLARATION OF DOUGLAS WINTHROP IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

I, Douglas Winthrop, declare as follows:

1. I am lead counsel for Defendant SquareTrade, Inc. in this matter. I submit this declaration in support of the Motion for Preliminary Approval of Class Action Settlement.

2. I reached out to counsel for Plaintiff to discuss a settlement of this case in early June 2018. We spoke on the phone about the substance of our proposal on June 12, 2018. In that call, I explained that the number of putative class members who had had a claim denied because of the "Channel Restriction"—the SquareTrade policy that provides that Protection Plans purchased on Amazon are only for products also purchased on Amazon—was quite low, and that other putative class members had not suffered any damages so that settlement of this case was in all parties' interests. I laid out the basics of SquareTrade's proposal, which was (1) payment of the purchase price of the underlying product for any class member who had had his or her claim denied because of the Channel Restriction; (2) SquareTrade's agreement not to enforce the Channel Restriction for any class member on a going forward basis; (3) SquareTrade's agreement to make disclosure of the Channel Restriction more prominent on the Amazon selling pages for SquareTrade Protection Plans; (4) a $5 coupon for all class members; (5) SquareTrade's agreement to make disclosure of the terms and conditions more prominent on

the Amazon selling pages for the SquareTrade Protection Plans; and (6) releases from class members, including, without limitation, with respect to challenges to the arbitration provision in SquareTrade's terms and conditions

3.  Over the next several weeks, I had several phone calls and email exchanges with counsel for Plaintiff regarding the proposed settlement. In one of those calls, counsel for Plaintiff requested that I demonstrate to them that SquareTrade had properly identified from its records the individual class members who had a claim denied based on the Channel Restriction. I provided that information to counsel for Plaintiff on July 12, 2018, along with draft settlement documents. In another conversation, counsel for Plaintiff wanted to be sure that the class members who only received a discount coupon (which was now at $10 per class member) still retained full rights under their SquareTrade Protection Plans. I stated SquareTrade's agreement with that point.

4.  As shown by SquareTrade's original settlement proposal, the settlement discussed between the parties always included putative class members beyond those who had a claim denied based on the Channel Restriction. The factual allegations of Plaintiff's complaint included claims by such putative class members, and SquareTrade's settlement proposal therefore was addressed to those factual allegations. Neither I nor my colleagues noticed the particular wording of the class definition in Paragraph 64 of the Complaint until the preparation of these supplemental papers. That is, we did not believe that our settlement proposal expanded this case beyond Plaintiff's allegations against SquareTrade.

5.  There was no discussion of the amount of attorneys' fees or an incentive payment that would be paid to Mr. Swinton until the parties had reached agreement on all substantive terms of the settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of February, 2019, at San Francisco, California.

_____

DECLARATION OF DOUGLAS WINTHROP