IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DAVID M. SWINTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SQUARETRADE, INC.,<br><br>Defendant. | NO. 4:18-cv-00144<br><br><br><br>PLAINTIFF'S MOTION FOR<br>FINAL APPROVAL OF<br>CLASS ACTION SETTLEMENT |

COMES NOW the plaintiff, David M. Swinton, and for his Motion For Final Approval of Class Action Settlement states:

### I. INTRODUCTION.

1. Plaintiff, on behalf of himself and all others allegedly similarly situated ("Plaintiffs"), seeks final approval of a proposed class action settlement ("Settlement") reached on behalf of the Class described below. If approved by the Court, the Settlement would resolve all of the pending claims brought by Plaintiffs against Defendant in this proceeding.

2. Plaintiff and the Class purchased product protection plans from Defendant through Defendant's Amazon storefront on Amazon.com. Plaintiffs allege, among other things, that Defendant violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA"), through its sales practices associated with the sales of its protection plans to Plaintiff and the Class. Plaintiff's Petition, which is incorporated by reference, sets forth the factual allegations underlying Plaintiff's MMWA claim and the manner in which Plaintiff alleges that Defendant violated the MMWA. Defendant denies Plaintiffs' allegations.

3. Throughout June and July 2018, the parties engaged in settlement discussions, initiated by defense counsel, in an effort to resolve this matter on a nationwide class basis. In August 2018, the parties reached the Settlement memorialized in the settlement agreement previously reviewed by the Court.

4. As discussed below, the proposed Settlement falls well within the range of possible approval, in light of the complexity and difficulty of Plaintiffs' claims and the risks and costs associated with further litigation. Further, the Settlement is entitled to a presumption of fairness since it was reached through arm's-length bargaining between experienced counsel over an extended period of time.

5. Accordingly, Plaintiff respectfully requests that the Court: (1) grant final approval of the proposed settlement and (2) grant final certification of the class described herein for settlement purposes only.

## II. PROCEDURAL BACKGROUND

6. On April 19, 2018, Plaintiff filed a Petition At Law And Jury Demand against Defendant in the Iowa District Court for Polk County. Among other claims, Plaintiff sought recovery under the MMWA on behalf of a class of purchasers of protection plans that Defendant sells through Amazon.com. Plaintiff alleged that Defendant's sales practices concerning those protection plans violated the MMWA.

7. Defendant denies any liability or wrongdoing associated with the claims asserted in Plaintiff's Petition.

8. Defendant removed this matter to the United States District Court for the Southern District of Iowa. Defendant filed a Motion To Compel Arbitration on May 21, 2018. Defendant asserted that an arbitration clause in the protection plans it sold Plaintiff foreclosed

Plaintiff from pursuing this matter in court. Defendant further contended that Plaintiff was precluded from pursuing a class action because of a class action waiver in Defendant's subject protection plans.

9. On June 11, 2018, defense counsel requested an opportunity to discuss settling this matter. The parties began settlement negotiations on June 12, 2018. Settlement terms were proposed and exchanged. Plaintiff was directly involved in all aspects of that process, was verbally briefed by the undersigned on all settlement proposals, reviewed all settlement materials that Defendant provided, and provided prior authorization for all of the undersigned's settlement activities and communications with defense counsel. Defendant provided, through informal discovery, information regarding the number of potential class members who had purchased a subject protection plan through Defendant's Amazon storefront and then had a warranty claim denied because they tried to use the protection plan for a consumer electronic product that was not purchased through Amazon.com. That information went to the very heart of Plaintiffs' claims in that it was the primary, and most egregious, harm that Plaintiffs had identified relative to Defendant's alleged MMWA violations.

10. Counsel for both parties have vigorously pursued their positions and the rights of their clients through extended legal and factual analysis, informal discovery, and exchanges of information. Most importantly for the purposes of this motion, Defendant assumed a conciliatory position in settlement negotiations. It made an early offer of settlement terms that provided relief to the Class that matched, and perhaps exceeded, anything that might be recovered through this action. Defendant is stipulating, for purposes of settlement, that this case may be certified as a national class action, that every potential class member has a viable MMWA claim, that every putative class member is entitled to relief in some manner, and that the relief for each class member is comparable to, and maybe exceeds, that which could be obtained through contested

litigation on either a class or individual basis. If this case continues, Defendant is sure to contest all of those points, along with the threshold issue of whether this entire case is precluded by virtue of the arbitration clause and class action waiver asserted through Defendant's Motion To Compel Arbitration.

11. In light of the informal discovery conducted to date, the time and expense associated with future discovery, and the challenges and risks associated with the pending motion to compel arbitration, future motions for class certification and decertification, future dispositive motions, a trial of this matter, and one or more possible appeals, the parties elected to engage in settlement discussions throughout June and July 2018. Counsel for the parties engaged in good faith, arms-length negotiations. The parties reached a settlement set forth in the settlement agreement previously reviewed by the Court.

12. Although the parties have widely divergent views regarding the merits of Plaintiffs' claims, Plaintiff and Defendant believe it is in their best interests to resolve this matter at this time. Plaintiff's Counsel, acting in the best interest of the Class Members, wish to resolve this matter in a fair and cost-effective method that benefits the Class without the expense, delay, diversion, and risk of protracted and complex litigation. Defendant and its counsel also wish to avoid the expense, burden, diversion, and risk of protracted litigation and wish to resolve this matter.

13. The parties agree, solely for purposes of the Settlement and not for any other purpose, that a Settlement Class should be certified based on Plaintiff's MMWA claims pursuant to Rule 23, and that Plaintiff shall be designated as Class Representative and Plaintiff's counsel shall be designated as Class Counsel. Plaintiff seeks certification of, and Defendant has stipulated to certification of, a settlement class from April 20, 2012 through October 8, 2018.

The Settlement Class includes any person or entity in the United States who, during the class period, purchased a SquareTrade Protection Plan on Amazon. Excluded from the settlement class are the judge approving the settlement, the judge's immediate family, Defendant, any entities in which Defendant has a controlling interest or which have a controlling interest in Defendant, and the officers, directors, employees, affiliates, and attorneys for Defendant. The total class encompasses millions of purchasers of protection plans that fall within the class definition.

### III. THE TERMS OF THE PROPOSED SETTLEMENT AGREEMENT

14. Plaintiff incorporates by reference the terms and procedures set forth in the attached settlement agreement. In general, the proposed nationwide class settlement provides the following relief to class members: (a) changes to webpages offering Defendant's protection plans; (b) product refunds to select class members, less any attorney fees the Court awards based on the amount of product refunds, not to exceed 15%; (c) an agreement to not deny warranty claims under Defendant's protection plans on the grounds that the covered product was not purchased through Amazon; (d) a coupon provided to all class members in the amount of $10 to be used towards the purchase of Defendant's protection plan for a mobile phone; and (e) $25,000 in attorney fees paid by Defendant.

### IV. CERTIFICATION AND FINAL APPROVAL OF THE PROPOSED SETTLEMENT CLASS IS APPROPRIATE

15. Plaintiff discusses this aspect of the Court's settlement approval analysis in Plaintiff's corresponding Memorandum of Authorities.

16. Plaintiff's counsel have attached declarations as further support for this proposed class action settlement.

## V. CONCLUSION.

WHEREFORE, for the reasons stated in Plaintiff's previous preliminary certification filings, the exhibits attached thereto, the Memorandum of Authorities that accompanies this motion, and Class Counsel's declarations that accompany this motion, Plaintiff respectfully requests that the Court

- a. Find that the Settlement is fair, reasonable, and in the best interests of the Class;

- b. Grant final approval to settlement;

- c. Dismiss with prejudice the pending action in its entirety;

- d. Permanently enjoin Settlement Class members from filing, joining, or prosecuting any claims, suits, or administrative proceedings regarding claims released by the Settlement; and

- e. Confirm that the parties remain bound by the terms of the settlement agreement and release, including without limitation the section on confidentiality, and that the Court retains jurisdiction to enforce its terms.

/s/ Harley C. Erbe
Harley C. Erbe, AT002430
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
E-Mail: harleyerbe@erbelaw.com

Steven P. Wandro, AT0008177
WANDRO & ASSOCIATES
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1475
Facsimile: (515) 281-1474
E-Mail: swandro@2501grand.com

ATTORNEYS FOR PLAINTIFF

Copy to:

John F. Lorentzon, Esq.
NYEMASTER GOODE, P.C.
700 Walnut St., Ste. 1600
Des Moines, IA 50309

Douglas A. Winthrop, Esq.
Michael A. Berta, Esq.
Katelyn Rey, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center 10th Floor
San Francisco, CA 94111

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2109 I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the above counsel of record.

/s/ *Harley C. Erbe*
Harley C. Erbe